# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRIAN B. BRANDLE,

    Plaintiff,

v.

HEALTHSOUTH REHAB HOSPITAL, *et al.*,

    Defendants.

Case No. 2:12-cv-01597-LDG (GWF)

**ORDER**

    The plaintiff, Brian Brandle, filed this action on September 11, 2012. On October 2, 2012, defendants Healthsouth Rehabilitation Hospital, Sue Loving, and Evangeline Waltrip moved to dismiss or to quash service pursuant to Fed. R. Civ. P. 12(b)(5). (#6). Defendant Monica Byers subsequently joined the motion. (#10). Brandle filed a cursory opposition. (#11). On January 11, 2013, the defendants further moved to dismiss the action without prejudice pursuant to Rule 4(m) for failure to properly serve process within 120 days after the complaint was filed. (#19). Brandle subsequently submitted "proofs of service" indicating that service was accomplished on December 10, 2012. (#21). Brandle then filed an opposition to the motion to dismiss for failure to timely serve. (#24). Having reviewed the motions, the oppositions, and the record as a whole, the Court will dismiss the

complaint without prejudice for failure to timely serve process within 120 days after the complaint was filed.

Rule 4(m) requires that, if service is not completed within 120 days after the complaint was filed, the Court must dismiss the action without prejudice or order that service be made within a specified time. Accordingly, the threshold issue is whether Brandle properly served any of the defendants within 120 days of the filing of the complaint. As the defendant filed the complaint on September 11, 2012, the 120-day period to duly serve the defendants expired on January 9, 2013.

The record reveals that Brandle's initial attempts to serve process occurred in September and October 2012, shortly after he filed the suit. This information does not come from Brandle, but from the defendants as revealed in their September 2012, motion to quash or dismiss for insufficient service. That motion indicates that, on September 12, 2012, Brandle attempted to serve Healthsouth, Loving and Waltrip by personally delivering the summons for each of these defendants to Healthsouth's Human Resources Assistant. Brandle again attempted to serve Waltrip on September 30, 2012, by delivering a copy of the summons to her while she was at work. Brandle attempted to serve Byers on October 2, 2012, by delivering the summons to her secretary, at Byers' place of employment. As pointed out by the defendants in their first motion to dismiss, these attempts did not come close to substantially complying with Rule 4 for the following reasons: a copy of the complaint was not include in any of the attempted services of process, contrary to Rule 4(c)(1); Brandle, a party to this suit, personally attempted to serve process, contrary to Rule 4(c)(2); Brandle attempted to serve Healthsouth by delivering a copy of the summons to Healthsouth's Human Resources Assistant, a person who is not authorized either by law or appointment to receive service of process for Healthsouth, contrary to Rule 4(h)(1)(B); Brandle attempted to serve Loving and Waltrip by delivering a copy of the summons to Healthsouth's Human Resources Assistant, a person who is not authorized either by law or

appointment to receive service of process for either of these defendants, contrary to Rule 4(e)(2)(C); Brandle attempted to serve on Byers by delivering a copy of the summons to Byer's secretary, a person who is not authorized either by law or appointment to receive service of process for Byers, contrary to Rule 4(e)(2)(C); and Brandle attempted to serve process on the individual defendants by delivering the summons at their locations of employment, contrary to Rule 4(e)(2)(B).

Brandle's cursory opposition to the defendants' Rule 12(b)(5) motion did not dispute any of these defects in his attempts to serve the defendants, but rather acknowledged that he lacked the knowledge of the individual defendants' dwellings or usual places of abode. Brandle has not, himself, submitted any evidence or argument suggesting that he properly served any of the defendants in September or October, 2012. Accordingly, the Court finds that Brandle did not duly serve any of the defendants in September or October, 2012.

Shortly after the defendants filed their Rule 4(m) motion to dismiss, Brandle filed proofs of service for each of the four defendants. Each proof of service indicates that the summons was served on December 10, 2012, a date well after the defendants' prior motion to dismiss pursuant to Rule 12(b)(5), which motion rested upon the numerous defects of Brandle's earlier attempts to serve the defendants, including the failure to have process served by a person not a party, the failure to include a copy of the complaint with the summons, the failure to serve an agent of the corporate defendant authorized to receive service of process, and the failure to either personally serve the individual defendants or to serve an agent authorized to receive service of process. Stated otherwise, as a result of the defendants' prior motion, to which Brandle responded, Brandle was well aware that Rule 4 requires that service be accomplished by a person not a party to the suit, that a copy of the complaint be served with the summons, and that, if service was to be accomplished by delivering the summons and complaint to an agent of the

defendant, such agent had to be authorized by appointment or law to receive service of process.

A review of the Proofs of Service establishes that Brandle's purported December 10, 2012, service did not duly serve any of the defendants with a summons. In particular, each proof of service is dated January 16, 2013, and is signed by Brandle personally. Further, each proof of service asserts that summons was served on the defendant as a person designated by law to accept service of process on behalf of the law firm that is representing the defendants. Finally, attached to the proofs of service is a handwritten document stating "documentation dropped off to Huntington Calder, Littler Mendelson; which includes the (4) summons," which document is signed by a James Hogenson.[1] In response to Brandle's filing of these proofs of service, the defendants submitted the affidavits of Huntington (counsel representing the defendants) and Hogensen, who is the Office Services Clerk for the law firm of Littler Mendelson. The affidavits and the response establishes that an individual identifying himself as Brian Brandle personally delivered his "initial disclosures" to Littler Mendelson, and that Hogenson acknowledged the receipt of the initial disclosures. Hogenson, however, was not authorized to accept service of process on behalf of any of the defendants. Likewise, Huntington was not authorized to accept service of process on behalf of any of the defendants. In addition, Huntington's review of the documents delivered by Brandle indicated that the documents did not include a copy of the complaint. Further, the summons that were included in the documents were altered copies of the summons issued by the clerk of the court on September 11, 2012.

In his opposition to the defendants' Rule 4(m) motion to dismiss, Brandle concedes that he delivered the documents to Littler Mendelson. Though he asserts that Littler Mendelson is the legal representative of the defendants, he offers no evidence that Littler

---

[1] The document was clearly not written by James Hogenson, but rather is consistent with the handwriting of Brandle.

4

Mendelson (or Hogensen) is authorized by law or appointment to receive service of process on behalf of any of the defendants.  Brandle does not dispute that he did not deliver a copy of the complaint, and does not dispute that the summons delivered to Littler Mendelson on December 10, 2012, were altered copies of the summons issued by the clerk on September 11, 2012.

Brandle's personal delivery, on December 12, 2012, of altered copies of the summons to an office clerk of Littler Mendelson did not effect proper service of process on any of the defendants.  Brandle has not offered any evidence, or argument, that he properly served any of the defendants by January 9, 2013.  Accordingly, the Court finds that Brandle did not cause any defendant to be served with the summons and complaint within 120 days after he filed his complaint.

The Court's finding that the defendants were not timely served within 120 days requires that the Court either dismiss the action without prejudice or order that service be made within a specified time.  Within weeks after filing this action, and early in the 120-day period to properly serve the defendants, the defendants' Rule 12(b)(5) motion expressly made Brandle aware of basic and essential requirements established in Rule 4 to properly serve individual and corporate defendants.  The Rule 12(b)(5) motion informed Brandle that Rule 4 requires that the service be accomplished by a person not a party to the suit. Despite being so informed, Brandle again attempted service by personally delivering an altered copy of the summons on December 12, 2012.  The Rule 12(b)(5) motion informed Brandle that a copy of the complaint must be served with the summons.  Despite being so informed, Brandle's attempted service on December 12, 2012, again omitted to include a copy of the complaint.  The Rule 12(b)(5) motion informed Brandle that service on an agent could only be made on "an agent authorized by appointment or by law to receive service of process."  Despite being so informed, the record lacks any evidence that Hogenson (or Littler Mendelson) was authorized by any of the defendants, either by appointment or by

5

law, to receive service of process on their behalf. In light of Brandle's repeated efforts to effect service within the 120-day period by means prohibited by Rule 4, the Court will not provide Brandle with additional time to serve the defendants, but will dismiss this action without prejudice.

Therefore, for good cause shown,

THE COURT **ORDERS** that Defendants' Motion to Dismiss Pursuant to Rule 4(m) (#19) is GRANTED; This matter is DISMISSED without prejudice.

THE COURT FURTHER **ORDERS** that Defendant Monica Byers' Joinder to the Motion to Dismiss (#10) is GRANTED.

THE COURT FURTHER **ORDERS** that Defendants' Motion to Dismiss or to Quash Service Pursuant to Rule 12(b)(5), or, in the Alternative, Motion to Dismiss pursuant to Rule 12(b)(6) (#6) is DENIED as moot.

DATED this ___1___ day of March, 2013.

_____
Lloyd D. George
United States District Judge